# EXHIBIT A

2.

Plaintiff also seeks a declaratory judgment as to Plaintiff's rights and for a permanent injunction enjoining Defendant from maintaining policies and practices of retaliating against persons who disclose fraud, waste, abuse, or violations of law, rules, or regulations relating to the City and to enjoin Defendant from retaliating against the Plaintiff and other employees similarly situated for complaining about such matters.  This action also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by her but for Defendant's unlawful and discriminatory practices.

3.

Plaintiff brings this action pursuant to the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.  Plaintiff also brings this action pursuant to the rights afforded her under 29 U.S.C. § 201 *et seq.*, (the Fair Labor Standards Act, hereinafter "FLSA") to be paid for all hours and to be paid an overtime premium applicable to police officers.

4.

Plaintiff is seeking reinstatement, back-pay losses, front-pay damages, compensatory damages, liquidated damages under the FLSA, and attorneys' fees against Defendant City.

- 2 -

## JURISDICTION AND VENUE

### 5.

The Superior Court of Greene County has jurisdiction over this Complaint pursuant to O.C.G.A. § 23-1-1; O.C.G.A. § 45-1-4; *Wyman v. Popham*, 252 Ga. 247, 248, 312 S.E.2d 795, 797 (1984); and *Turner v. Giles*, 264 Ga. 812, 814, 450 S.E.2d 421, 424 (1994).

### 6.

Venue is proper pursuant to Ga. Const. Art. 6, Sec. 2, Par. III and VI because the Defendant City is located in Barrow County, Georgia and because the events that give rise to this Complaint occurred in Barrow County. Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

## PARTIES

### 7.

Plaintiff Diana Campbell is a legal resident and citizen of the United States and of the State of Georgia. Plaintiff was formerly a police officer for the City of Auburn. Plaintiff submits herself to the jurisdiction of this court.

### 8.

Defendant City is a municipality located in Barrow County and maintains its office at 1369 4th Avenue, Auburn, GA 30011. Defendant City is subject to the

- 3 -

jurisdiction of this court and may be served by delivering process to Mayor Linda Blechinger. Defendant City is a public employer as defined under O.C.G.A. § 45-1-4(a)(4) and is thus subject to suit in actions of this kind and nature.

9.

Defendant City is an employer as defined by 29 U.S.C. § 203(s).

10.

Defendant is governed by and subject to the Fair Labor Standards Act.

## STATEMENT OF FACTS

11.

Plaintiff served as a Police Officer from September 2, 2011, until August 12, 2014, at which time she was forced to resign.

12.

Prior to 2014, Plaintiff had received leadership awards, was voted employee of the year in 2012, and received a lifesaving award in 2013.

13.

In March, 2014, Plaintiff became aware that some police officers acted fraudulently by falsifying their time sheet for a Georgia Peace Officers Standards and Training (P.O.S.T.) class and reported this to her superior.

- 4 -

14.

In addition to reporting the above misconduct, Plaintiff also was instructed by her superior to change a police report, which she also reported to the Police Chief.

15.

After Plaintiff reported her belief that her co-workers had fraudulently completed time sheets and violated P.O.S.T. rules, regulations, and standards, and potentially state law, and discussing with the Chief that she had been asked to change a police report, Plaintiff was singled out and her work was scrutinized while others who did not make such reports were not.

16.

This scrutiny continued and on June 12, 2014, Plaintiff was advised that she was being placed under administrative investigation and the investigation was assigned to one of the officers who Plaintiff had reported as falsifying his timesheet for the Georgia P.O.S.T. training class.

17.

As a result of this investigation, Plaintiff was removed from the road, was "sequestered" to an office away from the other officers, and her hours were reduced.

18.

Prior to Plaintiff's being "sequestered," Plaintiff was unaware of any other

officer being treated in this manner or even being reassigned pending an

investigation.

19.

Plaintiff continued to perform her assigned job duties and cooperated with

the investigation, which she had been told could last thirty days.

20.

In late July, 2014, Plaintiff was given a performance evaluation which was

lower than her past evaluations and she was not allowed to have a copy of it, unlike

in the past.

21.

Defendant's actions in ostracizing Plaintiff, reducing her hours, and

removing her job duties began taking a toll on Plaintiff's health and well-being,

which resulted in her being forced to resign effective August 12, 2014.

22.

Following Plaintiff's termination, she filed a charge with the Equal

Employment Opportunity Commission ("EEOC") based on her belief that she was

mistreated due to her gender, in addition to her belief that she was mistreated for

reporting ethical violations and violations laws, rules and regulations.

23.

To date, the EEOC has not completed its investigation and Plaintiff has not received a Notice of Right to Sue. Thus, she is not including her gender discrimination claims in this lawsuit.

24.

During the course of her employment, Plaintiff was supposed to be paid for all hours worked and to be paid an appropriate overtime premium.

25.

On many occasions, Plaintiff worked hours for which she was not compensated at either a regular rate of pay or at the overtime rate of pay in violation of the FLSA.

26.

Defendant has not acted in good faith and has acted willfully in failing to pay Plaintiff for all hours worked, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

## COUNT ONE
## <u>VIOLATION OF THE GEORGIA WHISTLEBLOWER ACT</u>

27.

The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

28.

Pursuant to O.C.G.A. § 45-1-4(b) and (d), it is unlawful for a public employer to retaliate against a public employee for disclosing fraud, waste, abuse, or violations of law, rules, or regulations, in relation to operations under the jurisdiction of such public employer.

29.

Defendant City was, at all times relevant to this action, Plaintiff's employer and was a public employer as defined by the Georgia Whistleblower's Act and Plaintiff was, at all times relevant to this action, a public employee.

30.

Defendant City's placing Plaintiff under investigation, reducing her hours and compensation, unfairly evaluating her, ostracizing her, and allowing one of the officers whose fraudulent activities she reported to investigate her were done in retaliation for Plaintiff's disclosures of fraud, abuse and violations of law, rules, and regulations, as set forth above.

- 8 -

31.

Defendant City's actions, by and through its agents, were willful, wanton and intentionally directed to harm the Plaintiff.

32.

Defendant City's actions were reckless and taken in willful disregard of the probable consequences of their actions.

33.

As a result of Defendant City's conduct, Plaintiff was forced to resign her position effective August 12, 2014, and as a result, has suffered loss of wages and benefits and suffered mental and emotional distress.

34.

Defendant City is therefore liable for all damages proximately resulting from its retaliation against Plaintiff, in an amount to be determined by the enlightened conscience of the jury.

35.

Plaintiff is further entitled to all equitable relief afforded her by the Act.

36.

Plaintiff is further entitled to recover all reasonable attorneys' fees and costs associated with the enforcement of her rights under the Act.

- 9 -

## COUNT II
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### 37.

Defendant has violated the Fair Labor Standards Act by failing to pay her for all the time that she worked throughout her employment.

### 38.

Defendant has also violated the Fair Labor Standards Act by failing to pay Plaintiff the time and one-half premium for all hours worked over forty per week throughout her employment.

### 39.

Defendant has not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

### 40.

Defendant has acted willfully by failing to pay Plaintiff for all time worked.

### RELIEF

Plaintiff demands a TRIAL BY JURY and request the following relief:

(a)     judgment in favor of Plaintiff and against Defendant;

(b)     an injunction prohibiting Defendant from further retaliation against Plaintiff;

(c)     an order that Defendant or their successors, acting in their official capacities, reinstate Plaintiff to the position she would have occupied absent Defendant's acts, with restoration of all salary and benefits as well as any additional or other prospective relief consistent with the law and sufficient to afford full reinstatement;

(d)     an award, irrespective of reinstatement, of all accrued salary (back pay) and fringe benefits Plaintiff would have received but for Defendants' unlawful actions;

(e)     an award of front pay, if reinstatement is not feasible, to compensate Plaintiff for the difference, if any, in pay or benefits she would have received absent Defendants' discriminatory and illegally retaliatory conduct and the pay or benefits she may be receiving at the time of judgment;

(g)     an award of compensatory damages in an amount to be determined in the enlightened conscience of the jury to compensate Plaintiff for the mental and emotional distress and damage to her good name and professional integrity and reputation that she has suffered as a result of Defendant's discriminatory and illegally retaliatory conduct;

(h)   an award of Plaintiff's costs and expenses of this action, including reasonable attorneys' fees as authorized by 42 U.S.C. § 1988 and O.C.G.A. § 45-1-4(f);

(i)   an award of pre and post-judgment interest;

(j)   lost wages in an amount to be determined for Defendant's violation of the F.L.S.A.;

(k)   liquidated damages equal to back pay for Defendant's violation of the F.L.S.A.; and

(k)   an award of such other and further relief as this Court deems just and proper.

Respectfully submitted,

HILL & ASSOCIATES, P.C.

By:

Janet E. Hill
Georgia Bar No. 354230
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
Telephone: (706) 353-7272
Fax: (706) 549-8446
janet@hillworklaw.com

Counsel for Plaintiff

- 12 -