IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DIANA CAMPBELL,                )
                                  )
      Plaintiff,               )
                                    )
v.                            )     CIVIL ACTION FILE
                                  )     NO. 2:15-cv-00182-WCO
CITY OF AUBURN, GEORGIA,   )
                                  )
      Defendant.          )
                                  )

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT

**COME NOW** Plaintiff Diana Campbell ("Plaintiff") and Defendant City of Auburn, Georgia ("Defendant") (collectively, "the Parties"), by and through their counsel of record, and respectfully move this Court to approve the settlement agreement reached between the parties on April 8, 2016. In support of this Joint Motion, the Parties show the Court as follows:

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.    STATEMENT OF THE CASE

This is an employment action in which the Plaintiff alleges that her former employer, the Defendant, wrongfully terminated her in violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 (the "GWA"), and subjected her to gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e et seq., as amended ("Title VII").  (Doc. 14, Am. Compl. ¶¶ 1-3.)  Plaintiff

further alleges that Defendant violated her rights under the Fair Labor Standards

Act of 1983, as amended, 29 U.S.C. § 201 et seq. (hereinafter, the "FLSA").

More specifically, Plaintiff – a former police officer – alleges that she was

one of only two female police officers who worked for Defendant's Police

Department, and that she and other female officers were subjected to sexually

explicit and inappropriate comments from male co-workers.  (Am. Compl. ¶¶ 13-

14.)  Plaintiff further alleges that, in or around March of 2014, she became aware

that some police officers had purportedly falsified their Georgia Peace Officer

Standards and Training (P.O.S.T.) online testing times.  (Id. at ¶ 15.)  Plaintiff

further alleges that, after reporting the P.O.S.T. testing issue to her supervisor, she

was placed under administrative investigation, singled out, treated less favorably

than her male counterparts, and was ultimately forced to resign.  (Id. at ¶¶ 17-25.)

On this basis, Plaintiff alleges that Defendant retaliated against her in violation of

the GWA and discriminated against her because of her gender in violation of Title

VII.  (Id. at ¶¶ 31-49.)

As to her FLSA claim, Plaintiff's central allegation is that she worked

certain hours during her employment for which she was not compensated at either

a regular rate of pay or at the overtime rate of pay.  (Id. at ¶ 29.)[1] Plaintiff alleges that Defendant willfully failed to pay her for all hours worked in violation of the FLSA and, as a result, she claims an entitlement to liquidated damages in an additional to the amount of her alleged unpaid wages.  (Id. at ¶¶ 30, 50-53.)

Defendant, on the other hand, denies liability to Plaintiff with respect to her claims of retaliation in violation of the GWA and for gender discrimination in violation of Title VII.  (Doc. 15, Answer. to Am. Compl. at p. 2, 5th Affirmative Defense.)  It is Defendant's position that all actions taken with respect to the terms and conditions of Plaintiff's employment were for legitimate, non-discriminatory, and non-retaliatory reasons.  (Id.)  In addition, Defendant denies liability to Plaintiff for any alleged violation of the FLSA.  In this regard, Defendant's payroll records – including contemporaneous time-records prepared by Plaintiff – demonstrate that she did not record any time associated with either the Explorer's Program or the Citizen's Police Academy until January 2014, after which point she

---

[1] In response to Defendant's discovery requests, Plaintiff represented that while she cannot identify the specific dates and that she purportedly worked and was not paid, the work activities for which she was allegedly not paid related to "volunteer" activities with the Police Department's "Explorer Program" and "Citizen's Police Academy."  Plaintiff further estimated that, in connection with these activities, she is owed approximately $1,735.00 for time she worked and for which she was not paid, calculated at 1.5 times her hourly rate of $18.77, i.e., $28.16, for between 60 and 62 unpaid hours of overtime.

received pay for all time associated with those activities.  Defendant further avers, among other defenses, that any actions taken with regard to Plaintiff were in good faith compliance with all applicable laws, rules, and regulations, and that she is therefore not entitled to liquidated damages even if an FLSA violation could be shown.  (Id. at p. 4, 11th and 12th Affirmative Defenses.)

Despite these opposing views, the Parties agree it is in their best interests to settle this case to avoid further cost and uncertainty.  Thus, the Parties have entered into a proposed Settlement Agreement and Full and Final Release of All Claims ("Settlement Agreement"), a copy of which is attached hereto as Exhibit "A."  The total sum of the settlement is Twenty Seven Thousand and No/100 Dollars ($27,000.00).  Of that amount, $563.20 will be paid to Plaintiff for her alleged FLSA unpaid wages, $563.20 will be paid to Plaintiff for her alleged FLSA liquidated damages, and $16,533.20 will be paid to Plaintiff as compensatory damages intended to resolve her GWA and Title VII claims and in exchange for the additional consideration provided by Plaintiff in favor of Defendant in the Agreement.  The remaining $9,340.10 will be paid to Hill & Associates, P.C. for all costs and attorneys' fees incurred.   For the reasons set forth herein, the Parties request judicial approval of the Settlement Agreement.

## II.   ARGUMENT

This settlement is just and fair.  A claim under the FLSA may only be settled by either the approval of the Secretary of Labor, or by judicial approval.  <u>See</u> <u>Lynn's Food Stores, Inc., v. United States</u>, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  As to the latter instance, the Eleventh Circuit has held as follows:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

<u>Id.</u> at 1354.  Following the decision in <u>Lynn's Food Stores</u>, this Circuit established a six-factor test to be used when considering the settlement of FLSA claims:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

<u>See</u> <u>Leverso v. Lieberman</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Parties submit that the settlement of this matter meets each of the factors set forth above.

*(1) The existence of fraud or collusion.*  The Settlement Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues.  Counsel for both Parties thoroughly examined Plaintiff's wage and time records prior to engaging in settlement negotiations and discussed the prospects of continuing to litigate this matter with their respective clients before reaching the present agreement.

*(2) The complexity, expense, and likely duration of the litigation.*  The Parties acknowledge that, as is the case with any wage and hour dispute, any trial of this matter is likely to last several days and would be document intensive.  In order to complete discovery, the depositions of the Plaintiff as well as at least four (4) representatives of the Defendant would be necessary.  Further, prior to any future trial, if the Settlement Agreement is not approved, the Parties anticipate the need to file and brief dispositive motions.  As such, all Parties would be subjected to considerable expense in determining whether the Parties' respective assertions are correct, and given the relatively minor amount of any potential FLSA recovery in this matter, such costs may actually exceed the amount of potential recovery.  As such, the Parties believe that such expense is not worth the continuance of this case.

*(3) The stage of the proceedings and the amount of discovery completed.*
Plaintiff Campbell filed her original Complaint in this matter on July 29, 2015 in
the Superior Court of Barrow County, Georgia. Defendant subsequently answered
and removed the Complaint to this Court on August 28, 2015. (Docs. 1-3.) Since
such time, the Parties have served Initial Disclosures, filed and responded to
amended pleadings, served and responded to extensive written discovery requests,
and exchanged payroll and other relevant personnel records. (Docs. 6-15.) Most
recently, the Parties filed – and the Court approved – a Joint Motion to Stay
Discovery pending settlement negotiations. (Doc. 19.) Pursuant to the Court's
March 28, 2016 Order – which treated the Parties' Motion to Stay as a "Motion to
Extend Deadlines" – discovery has been extended through April 25, 2016, and the
deadline for filing any dispositive motions has been extended through May 25,
2016. In light of their post-suit discovery efforts, the Parties submit that they have
an appropriate understanding of the facts and legal issues, as well as the positions
of the respective Parties. As such, the Parties believe that, under the
circumstances, negotiations were called for and the fact that a settlement can be
reached at this stage will save both parties considerable time, effort, and cost, as
well as promote the purposes of Rule 1 of the Federal Rules of Civil Procedure.

*(4) The probability of Plaintiff's success on the merits.*  As noted above, with respect to Plaintiff's FLSA claim – the claim for which judicial approval of the Parties' settlement is required – Plaintiff's central allegation is that she worked certain hours during her employment for which she was not compensated at either a regular rate of pay or at the overtime rate of pay.   Specifically, Plaintiff represented that while she cannot identify the specific dates and times that she purportedly worked and was not paid, the work activities for which she was allegedly not paid related to "volunteer" activities with the Police Department's "Explorer Program" and "Citizen's Police Academy."   Plaintiff further estimated that, in connection with these activities, she is owed approximately $1,735.00 for time she worked and for which she was not paid, calculated at 1.5 times her hourly rate of $18.77, i.e., $28.16, for between 60 and 62 unpaid hours of overtime.   In contrast, Defendant denies liability to Plaintiff for any alleged violation of the FLSA.   In this regard, Defendant's payroll records – including contemporaneous time-records prepared by Plaintiff – demonstrate that she did not record any time associated with either the Explorer's Program or the Citizen's Police Academy until January 2014, after which point she received pay for all time associated with those activities.   Thus, without adjudication by a judge or jury, it cannot be said, at this stage, that either party would prevail as a matter of law.   Furthermore, the

determination of the relevant statute of limitations period as well as Plaintiff's entitlement to liquidated damages, which is dependent upon proof by each side, would impact the extent of the Plaintiff's damages, assuming *arguendo* that she could prevail on her underlying overtime claim.

(5) *The range of possible recovery.*  The range of possible recovery in this action, as it pertains to the Plaintiff's FLSA claims, depends on whether a two- or three-year statute of limitations applies, whether a jury determines that Defendant's alleged unlawful conduct was willful (thus entitling them to liquidated damages in addition to any unpaid wages), and the number of hours that a finder of fact determines Plaintiff worked without being compensated during particular weeks in her employment.  Based on their analysis of these issues, the Parties believe that the range of possible recovery for the Plaintiff, should she prevail on her FLSA claims, is between $0.00 and $3,500.00.  As such, the settlement amounts allocated to the resolution of Plaintiff's FLSA claims, i.e., a total of $1,126.40 for alleged unpaid wages and alleged liquidated damages, is fair and reasonable in light of the range of possible recovery.

In addition, the amount of attorney's fees is also a reasonable compromise under the circumstances. In exchange for compliance with the various terms and conditions set forth in the Settlement Agreement, and resolution of Plaintiff's

GWA and Title VII claims in addition to her FLSA claims and any other claims that could have been asserted, Defendant has agreed to pay Plaintiff's attorney the sum of $9,340.10, which is an amount less than the actual fees and costs of  this litigation, and   less than the total of the lodestar calculation Plaintiff's counsel would otherwise submit should Plaintiff prevail at trial.   Given (a) the range of possible recovery, (b) pre-suit investigation, (c) the length of litigation, including discovery, and (d) the Parties' negotiations and agreed upon settlement terms and conditions, the monetary settlement amounts set forth in the attached Settlement Agreement are fair and should be approved.

*(6) The opinion of counsel.*  The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources and would not be beneficial to the Parties.

## II.    CONCLUSION

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion for Order Approving Settlement.  The proposed settlement is fair and reasonable to the Plaintiff and does not otherwise impermissibly frustrate implementation of the FLSA.

Respectfully submitted, this 8th day of April, 2016.

s/ Janet E. Hill
Janet E. Hill
Georgia Bar No. 354230
janet@hillworklaw.com

HILL & ASSOCIATES, P.C.
1160 S. Milledge Avenue
Suite 140
(706) 353-7272 Telephone
(706) 549-9446 Facsimile

ATTORNEYS FOR PLAINTIFF

s/ John D. Bennett
Sharon P. Morgan
Georgia Bar No. 522955
morgan@elarbeethompson.com
John D. Bennett
Georgia Bar No. 059212
bennett@elarbeethompson.com

ELARBEE, THOMPSON,
SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 659-6700 Telephone
(404) 222-9718 Facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this **JOINT MOTION FOR ORDER APPROVING SETTLEMENT** complies with the font and point selection approved by the Court in Local Rule 5.1. This Motion has been prepared in Times New Roman font, 14 point.

Respectfully submitted this 8th day of April, 2016.

/s/John D. Bennett
John D. Bennett
Georgia Bar No. 059212

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
bennett@elarbeethompson.com

Attorneys for Defendant

# EXHIBIT A

## SETTLEMENT AGREEMENT AND FULL AND
## FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between Diana Campbell (hereinafter, "Campbell") and the City of Auburn, Georgia (hereinafter, "the City"). As used in this Agreement, the term "Parties" refers collectively to Campbell and the City.

## BACKGROUND INFORMATION

A.     On July 29, 2015, Campbell filed a Complaint in the Superior Court of Barrow County, Georgia captioned *Diana Campbell v. City of Auburn, Georgia*, Civil Action No. 15-cv-000995-M (hereinafter referred to as the "Civil Action"). Subsequently, on August 28, 2015, the City removed the Civil Action to the United States District Court for the Northern District of Georgia, Gainesville Division, where it was assigned the Civil Action File No. 2-15-cv-182-WCO.  The Civil Action remains pending as of the date of this Agreement;

B.     In the Civil Action, in which Campbell filed an Amended Complaint on November 20, 2015, Campbell alleges that the City intentionally and willfully failed to pay her regular and overtime compensation on one or more workweeks during the three-year period preceding the filing of her Complaint as required by the Fair Labor Standards Act ("FLSA").  In addition, Campbell asserts claims against the City for alleged violations of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, and for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended;

C.     The City denies Campbell's FLSA allegations and contends that the City properly compensated Campbell for all hours that she was suffered or permitted to work in compliance with the FLSA.  The City further denies that it retaliated or discriminated against Campbell or violated Federal or State law in any manner, as alleged in her Complaint.  The City further asserts that it has acted at all times in good faith and in compliance with all federal and state laws;

D.     Despite their conflicting views, the Parties desire to enter  into an agreement resolving and settling all claims by Campbell against the City and all those claims to be released in this Agreement, reciting the following terms and conditions;

E.      Campbell warrants and represents that she has not assigned any of her claims against the City or any other person or entity to be released in this Agreement and that no attorneys other than Janet E. Hill of Hill & Associates, P.C. have a claim for attorneys' fees and/or costs arising from the Civil Action or any of the claims released in this Agreement;

F.      This Agreement constitutes a good faith settlement of Campbell's disputed claims against the City and shall not be deemed, in any manner, an admission, finding, or indication, for any purposes whatsoever, that the City or any of its past or current officials, employees, and/or agents acted contrary to law or violated the rights of Campbell or any other person at any time.

**NOW, THEREFORE**, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

## STATEMENT OF AGREEMENT

The Parties hereby acknowledge, and rely upon as material to this Agreement, the accuracy of the above Background Information and hereby agree as follows:

1.      Consideration.  In consideration of this Agreement and other good and sufficient consideration, including Campbell's agreement to dismiss, with prejudice, the Civil Action, the City and/or its insurer will tender the total lump sum amount of $27,000.00 (**TWENTY SEVEN THOUSAND AND NO/100 DOLLARS**),  payable as follows (subject to the provisions of Paragraphs 2-4 below):

a.  **$563.20** (less applicable withholdings and deductions) payable to Campbell for alleged unpaid wages, which must be received by her counsel on or before fourteen (14) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Paragraph 2, below;

b.  **$563.20** (with no withholdings or deductions) payable to Campbell for alleged FLSA liquidated damages, which must be received by her counsel on or before the deadline set forth in Paragraph 1(a), above;

c. **$16,533.50** (with no withholdings or deductions) payable to Campbell as compensatory damages intended to resolve her Georgia Whistleblower Act and Title VII gender discrimination claims, which are disputed, and in exchange for the additional consideration provided by Campbell in favor of the Released Parties (as defined below) in this Agreement, excluding the release of Campbell's claims for back pay, liquidated damages, and attorneys' fees under the FLSA, which must be received by her counsel on or before the deadline set forth in Paragraph 1(a), above; and

d. **$9,340.10** payable to Hill & Associates, P.C. for Campbell's attorney's fees and costs of litigation, which must be received on or before the deadline set forth in Paragraph 1(a), above.

The settlement amount paid to Campbell for her alleged unpaid wages, as set forth in Paragraph 1 (a), shall be paid by check, less all applicable taxes and other required or authorized wage withholdings and reported on IRS form W-2 and its state tax equivalent ("W-2 payments"). The remaining amount payable to Campbell shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check in the amount and reported in box # 3 on IRS Form 1099-MISC and its state tax equivalent. Campbell represents and warrants that the payments set forth in Paragraphs 1a. and b., above, constitute payment of 100% (one hundred percent) of her claims for alleged unpaid back wages and alleged liquidated damages under the FLSA net of any attorney's fees and costs. The settlement amounts paid to Campbell's counsel of record for fees and costs associated with the Civil Action constitute payment of all of her attorney's fees and costs on all claims under the FLSA, the Georgia Whistleblower Act, and Title VII and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be 1099 Payment paid in separate check payable to Hill & Associates, P.C. in the amount stated above and reported in box # 14 on IRS Form 1099-MISC. The City shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payment made under this Agreement. Prior to any payments set forth above, Campbell and her counsel shall provide the City's counsel with IRS forms W-9 reflecting their respective tax identification numbers. The City and/or its Insurer will cause all necessary W-2 and/or Form 1099's to Campbell and her counsel in connection with the payments identified above.

Page 3

Campbell and Hill & Associates, P.C. agree to pay all taxes, if any, which may be deemed owing on the payments provided to them  under this section, except for the City's portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages a set forth in Paragraph 1 (a) and shall be solely responsible for any taxes and/or penalties that may be assessed by any taxing authority against her with the exception of the payroll tax withholdings referenced above.

2.     <u>Settlement Approval</u>.  All Parties agree that, upon execution of this Agreement, they shall file a Joint Motion for Approval of this Agreement with the United States District Judge before whom this Civil Action is pending for the purposes of obtaining court approval, in accordance with the FLSA.  All Parties agree that, if necessary, they will schedule a hearing on the Parties' Joint Motion as soon as possible.  After the court approves this Agreement and the Joint Stipulation of Dismissal with Prejudice is filed, the City and/or its insurer will transmit the payments required to Campbell and her counsel within fourteen days (or the next business day if such day is a weekend or bank holiday).  If the District Judge does not approve this Agreement, it shall be void *ab initio*.

3.     <u>Dismissal</u>.

a.     Upon the Court's approval of the Agreement, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment A within two (2) business days.

b.     Campbell represents that as of the date she signs this Agreement, she has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties (as defined below) in any federal, state or local court or agency other than the Civil Action.  Campbell agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties.  Campbell further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Campbell may not waive a claim released by this Agreement, Campbell will not accept any money damages or other relief. Campbell agrees to promptly reimburse the City and/or

any Released Party for any legal fees that the City and/or any Released Party incurs as a result of any breach of this paragraph by Campbell.

4.    <u>Release & Waiver of All Claims.</u>

a.    In exchange for the foregoing consideration described in Paragraphs 1 a., b., and d. of this Agreement and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Campbell, for herself, her attorneys, assigns, heirs, executors, administrators, and any other agents or representatives, hereby fully and finally releases and discharges the City and all of its present or former employees, attorneys, outside investigators, officers, elected and/or appointed officials, both in their individual and official capacities, as well as the Georgia Interlocal Risk Management Agency, Georgia Municipal Association, and Gallagher Bassett Services (hereinafter collectively "Released Parties") from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related to, or arise from the alleged failure by the City to properly compensate Campbell for all hours worked for or on behalf of the City.  This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u>, as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Released Parties to compensate Campbell for all time worked for or on behalf of the City.

b.    In exchange for the foregoing consideration described in Paragraphs 1 c. and d. of this Agreement and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Campbell, for herself, her attorneys, assigns, heirs, executors, administrators, and any other agents or representatives, hereby fully and finally releases and discharges the Released Parties from any and all other claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to Campbell and whether discoverable or not, which she may now have against them, either individually, jointly, or severally, before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Agreement; which release especially shall include any and all claims, demands, or causes of action

arising out of the Civil Action and all claims, demands, or causes of action arising out of, either directly or indirectly, Campbell's employment with or separation from employment with the City, including, but not limited to, claims under the Title VII of the Civil Rights Act of 1964; the Georgia Whistleblower Act, O.C.G.A. § 45-1-4; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Employee Retirement Income Security Act of 1974; the Family and Medical Leave Act; and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise of the United States or the State of Georgia.  Campbell agrees that she will not attempt (or authorize an attempt) to re-initiate any claims set forth in the Civil Action and any other claims hereby released in any manner and waives the right to recover in any lawsuit or administrative proceeding, whether brought by herself or by the EEOC, arising out of, either directly or indirectly, her employment with or separation from employment with the City.

     5.     <u>Execution</u>.  This Agreement shall become effective upon its approval by the court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original. Each person executing this Agreement, including execution on behalf of the City, warrants and represents that such person has the authority to do so.

     6.     <u>Waiver of Right to Seek Re-Employment</u>.  Campbell agrees to refrain from ever knowingly seeking employment in any capacity with the City.  She further waives any right or entitlement to such employment and understands and acknowledges that she does not now and will not ever have any right or entitlement to such employment.

     7.     <u>Non-Disparagement/ Neutral Job Reference.</u>  The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.  If contacted by a prospective employer of Campbell, the City agrees to provide a neutral job reference limited to dates of employment, positions held, and her salary history.

8.    <u>Entire Release</u>.  Campbell affirms that the only consideration for her decision to execute and her execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused her to execute the Agreement; that she fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that she has consulted legal counsel before executing the Agreement.

9.    <u>Amendments</u>.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

10.    <u>Construction</u>.  The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11.    <u>Governing Law</u>.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

WE HAVE READ AND CONSIDERED THE TERMS AND CONDITIONS CONTAINED IN THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS. **CAMPBELL** FULLY UNDERSTANDS THAT HER RIGHT TO RECEIVE THE BENEFITS DESCRIBED HEREIN IS SUBJECT TO THE TERMS AND CONDITIONS SET FORTH IN THIS AGREEMENT, AND THAT SHE WOULD NOT RECEIVE SUCH BENEFITS BUT FOR HER EXECUTION OF THIS AGREEMENT.  **CAMPBELL** ALSO FULLY UNDERSTANDS THAT BY EXECUTION OF THIS AGREEMENT, SHE WILL BE WAIVING HER RIGHTS UNDER FEDERAL, STATE, AND LOCAL LAW TO BRING ANY CLAIMS THAT SHE HAS OR MIGHT HAVE AGAINST ANY ONE OR MORE RELEASED PARTIES (EXCEPT AS OTHERWISE PROVIDED HEREIN). **CAMPBELL** ACKNOWLEDGES, UNDERSTANDS, AND AGREES THAT SHE HAS BEEN AFFORDED REASONABLE TIME TO CONSIDER THIS AGREEMENT, THAT SHE HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT, AND THAT SHE HAS ALSO HAD AN OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HER ACCOUNTANT AND TAX

ADVISOR.

**IN WITNESS WHEREOF,** we knowingly and voluntarily execute this Settlement Agreement and Full and Final Release of All Claims as of the date set forth below.


ACCEPTED AND AGREED BY Diana Campbell:


By: _____     Date: _09/07/2016_____
     Diana Campbell


Sworn to and subscribed before me this ___ day of April, 2016.

_____
Notary Public

My commission expires: 4-28-16

   (NOTARIAL SEAL)


APPROVED AS TO FORM BY:

_____
Janet E. Hill
HILL & ASSOCIATES, P.C.
1160 S. Milledge Ave., Suite 150
Athens, GA 30605
Telephone: (706) 353-7272
Fax: (706) 549-8446
janet@hillworklaw.com
Attorney for Diana Campbell


Page 8

ACCEPTED AND AGREED BY CITY OF AUBURN, GEORGIA:

By: _Linda Blechinger_____
    Linda Blechinger

Its: _____
    Mayor

ATTESTATION:

On this _8th_ day of April, 2016, before me has personally appeared one such Linda Blechinger, Mayor, City of Auburn, Georgia to me known to be the individual described herein who has executed the foregoing Agreement, and has acknowledged that she has done so voluntarily.

_Joyce Brown_____
Joyce Brown, Clerk

(CITY SEAL)



**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DIANA CAMPBELL,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )      CIVIL ACTION FILE
                                     )      NO.  2:15-cv-00182-WCO
CITY OF AUBURN, GEORGIA,             )
                                     )
        Defendant.                   )
                                     )

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action.  Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted, this ___ day of April, 2016.

s/ Janet E. Hill
Janet E. Hill
Georgia Bar No. 354230
janet@hillworklaw.com

HILL & ASSOCIATES, P.C.
1160 S. Milledge Avenue
Suite 140
(706) 353-7272 Telephone

s/ John D. Bennett
Sharon P. Morgan
Georgia Bar No. 522955
morgan@elarbeethompson.com
John D. Bennett
Georgia Bar No. 059212
bennett@elarbeethompson.com

ELARBEE, THOMPSON,

Page 11

(706) 549-9446 Facsimile

ATTORNEYS FOR PLAINTIFF

SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 659-6700 Telephone
(404) 222-9718 Facsimile

ATTORNEYS FOR DEFENDANT

Page 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DIANA CAMBPELL,                          )
                                         )
     Plaintiff,                          )
                                         )
v.                                       )     CIVIL ACTION FILE
                                         )     NO.  2:15-cv-00182-WCO
CITY OF AUBURN, GEORGIA,                 )
                                         )
     Defendant.                          )
                                         )

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2016, I electronically filed a true and correct

copy of **JOINT MOTION FOR ORDER APPROVING SETTLEMENT** with

the Clerk of Court using the CM/EMF system, which will automatically send email

notification of such filing, constituting service, to the following attorneys of

record:

                Janet E. Hill

                /s/John D. Bennett
                John D. Bennett
                Georgia Bar No. 059212

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303

(404) 659-6700
(404) 222-9718 (Facsimile)
bennett@elarbeethompson.com

Attorneys for Defendant